## Case No. 3,849.

### In re DEWEY.

[1 Lowell, 493;[1] 4 N. B. R. 412 (Quarto, 139).]

District Court, D. Massachusetts. Dec., 1870.

BANKRUPTCY—REMOVAL OF ASSIGNEE—DISCRETION OF COURT.

1. The bankrupt act [of 1867 (14 Stat. 525)], § 18, requires the court to exercise a judicial discretion in affirming or refusing to affirm the action of creditors in the removal of an assignee.

2. When it appeared that a majority of creditors in number and value had duly voted to remove the assignees, but that the creditors were few, and several of them voting for the removal were parties to mortgages and other transactions which the assignees were seeking to impeach, and that the whole movement was made by and on behalf of such parties, and no money remained in the hands of the assignees, and nothing remained to be done by them excepting to settle those disputes, the court refused to remove the assignees.

[In bankruptcy. In the matter of Edward Dewey.]

H. D. Hyde, for petitioners.

R. M. Morse, Jr., for respondents.

LOWELL, District Judge. A majority in number and value of the creditors in this cause petitioned the court to appoint a meeting, as required by section 18, that a vote might be taken upon the removal of the assignees. At the meeting the requisite majority voted to remove them, and this action is reported to me for my consent. The statute which makes that consent necessary, and the form prescribed by the supreme court, which contemplates that the reason for removal should be stated in the petition,

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

seem to require that I should exercise a judicial discretion in the matter, notwithstanding the action of the creditors.

The case shows that the bankrupt was a wholesale dealer in whiskey, and that at the time of his bankruptcy part of the goods which he had bought had been replevied by the sellers, the rest being in the hands of mortgagees or pledgees. The assignees have defended the replevin suit, and have brought suits in equity in this court against the mortgagees. In these last suits decrees were made by me, by the written consent of the parties, requiring the assignees to sell the whiskey at retail, for cash, and pay the money into court, and authorizing the mortgagees to have the money paid out to them, pending the litigation, on security for its repayment in case the final decree should be against them. All this has been done; and the payments to the mortgagees have absorbed all the proceeds. There are no assets in the estate, unless the assignees prevail either in the replevin suit or in one or both of the suits in this court.

The creditors allege that the assignees misconducted the sales of the whiskey, so that they failed to obtain as much as they might have got by about two thousand dollars. On the other hand, the assignees say that they are amply able to respond to any sum which they ought to pay, if any thing, in respect to the sales; and that the movement for their removal has been originated and conducted by and on behalf of the parties to the suits above mentioned. And there is nothing remaining in the hands or under the control of the assignees but the settlement of these suits. The evidence shows that these statements are true, and an examination of the vote of the eight creditors constituting the majority, taken in connection with the evidence, places the matter beyond doubt. I am always ready to hold assignees to a strict account, and shall do so in this case, but I hesitate to remove them in a case where such a course may operate the very opposite effect from what is intended by the law, and may be held as a precedent for punishing assignees for too great zeal in the conduct of their office. It is not alleged that the defendants are acting oppressively or in bad faith in the conduct of the suits, and I am unwilling to admit that the parties opposed in interest to the official action of assignees should have the power to dictate their conduct, even if they happen to be able to command a majority vote of the creditors themselves. It is not the intention of the law that the majority should have absolute control over the rights and interests of the minority. That the new assignee whom the creditors have chosen is a gentleman of high character does not meet this difficulty. The great danger is in the precedent of making the removal under the peculiar circumstances of this case. Consent refused.